IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| C. ALAN SCOTT | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:03-cv-01135-DW |
| | ) |
| MISSOURI VALLEY PHYSICIANS | ) |
| K. TOM PAPRECK, JACK UHRIG, | ) |
| DOUGLAS KOEHN, and | ) |
| MICA NEWMAN-KOEHN | ) |

ORDER

Before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 35). In the motion, Defendants argue that the court should dismiss Count II, pursuant to Federal Rule of Civil Procedure 12(h) because it fails to state a claim upon which relief can be granted. Plaintiff has filed suggestions in opposition to the motion (Doc. 38). For the following reasons, Defendants' motion is denied.

In considering a Rule 12(h) motion, federal courts apply the same standard as applied to a Rule 12(b)(6) motion. St. Paul Ramsey County Medial Center v. Pennington County, S.D., 857 F.2d 1185, 1187 (8th Cir. 1988). In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. Botz v. Omni Air Int'l, 286 F.3d 488, 489 (8th Cir. 2002). A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 71, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

1

Count II of Plaintiff's complaint alleges wrongful termination based on the "whistle blowing" exception to the employment at will doctrine. "[I]in order to effectuate the clear mandate of public policy implicated in a given situation, it is axiomatic that the at-will employee report of 'blow the whistle' to the proper authorities, which, depending on the circumstances, would include the employer, 'internal whistleblowing,' and/or a third party authority, 'external whistleblowing.'" Faust v. Ryder Commercial Leasing & Services, 954 S.W.2d 383, 391 (Mo. App. W.D. 1997). Defendants argue that plaintiff did not express his objections to "proper" outside authorities and therefore dismissal is mandated.

In the Complaint, Plaintiff asserts that he "set forth several objections." (Complaint, at para. 11). This assertion is not limited, as Defendants suggest, to partners and alleged wrongdoers. Discovery may reveal that Plaintiff reported the violations to proper authorities such that the requirements of a claim for wrongful discharge would be satisfied. It is not clear to the court that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint. Hishon v. King & Spalding, 467 U.S. 69, 71, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Accordingly, Defendants' Motion for Judgment on the Pleadings is DENIED.

IT IS SO ORDERED

/s/ DEAN WHIPPLE  
Dean Whipple  
United States District Judge

DATE: July 8, 2005