IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| C. ALAN SCOTT )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MISSOURI VALLEY PHYSICIANS )<br>K. TOM PAPRECK, JACK UHRIG, )<br>DOUGLAS KOEHN, and )<br>MICA NEWMAN-KOEHN ) | Case No. 4:03-01135-CV-W-DW |

ORDER

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. 129). The Plaintiff filed suggestions in opposition (Doc. 138) and the Defendants filed a reply (Doc. 143). After reviewing the record and applicable law, the Court finds no genuine issue of material fact that suggests that Plaintiff is entitled to relief. Accordingly, Defendants' Motion for Summary Judgment is GRANTED.

I.    <u>Factual Background</u>

Plaintiff Dr. C. Alan Scott (Scott) brings this cause of action against his former employer, Missouri Valley Physicians, P.C., (MVP) and medical partners, arising out of his discharge from his employment relationship and shareholder position with MVP. Defendants Papreck, Uhrig, Koehn, and Newman-Koehn were sued in their individual capacities and as shareholders of MVP. Defendants moved for summary judgment on all seven claims brought by Plaintiff. Plaintiff responded to only two of these counts, Count I (breach of contract) and Count IV (bad faith/retaliatory breach of contract in violation of public policy). Accordingly the Court only

1

considers those claims.

II. <u>Summary judgment</u>

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Issues of fact must be material to a resolution of the dispute between the parties; where the only disputed issues of fact are immaterial to the resolution of the legal issues, summary judgement is appropriate. <u>Case v. ADT Automotive</u>, 17 F.Supp.2d 1077 (W.D. Mo. 1997) (<u>citing</u> <u>Get Away Club, Inc. v. Coleman</u>, 969 F.2d 664, 666 (8th Cir. 1992)).

In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970); <u>Inland Oil and Transport Co. v. United States</u>, 600 F.2d 725, 727 - 28 (8th Cir.), <u>cert. denied</u>, 444 U.S. 991 (1979).

III. <u>Breach of Contract</u>

Plaintiff alleges MVP terminated his employment in violation of his employment agreement with MVP. Under the agreement Plaintiff was an employee-at-will and his employment could be "voluntarily terminated, with or without cause, by either the Corporation, upon a two-thirds of the Directors of the Corporation voting for such termination, or Employee for any reason, by the terminating party giving sixty (60) days' written notice to the other, which written notice shall state the effective date of Employee's termination of employment." Second

2

Amended Complaint, ¶98.

On July 8, 2002, a "Notice of Special Meeting of the Board of Directors of MVP, P.C." was provided to Plaintiff. The notice provided that the special meeting would occur on Wednesday, July 10, 2002 at 6:30 p.m., via conference call. The notice stated that the purpose of the meeting was to discuss and vote on whether Scott's employment with MVP should continue or be terminated. Notice of special meeting of directors of MVP, P.C., Defense "Exhibit C"; Deposition of C. Alan Scott, 103:9-16.

Two-thirds of the Board of Directs of MVP voted for Scott's termination during this meeting. Minutes of the July 10, 2002 meeting of the Board of Directors of MVP, Defense "Exhibit H"; Transcript of the July 10, 2002 meeting of the Board of Directors of MVP via phone conference, Defense "Exhibit F."

To bring a claim for breach of contract, Plaintiff must show that his termination from MVP breached the terms of his employment contract. In Missouri, an employee-at-will may be discharged with or without cause and the employer cannot be subject to liability for wrongful discharge. Dake v. Tuell, 687 S.W.2d 191, 193 (Mo. banc 1985).

Plaintiff is unable to present any evidence that Defendants breached the terms of the employment agreement. The employment agreement requires a) a two-thirds vote from the Board of Directors; and b) written notice of termination. Two-thirds of the Directors of the Corporation voted for Plaintiff's termination. Minutes of the July 10, 2002 meeting of the Board of Directors of MVP, Defense "Exhibit H." Written notice of the termination was provided to Plaintiff and the effective stated date was September 13, 2002. Notice to terminate Dr. Scott's employment, Defense "Exhibit I." There is no evidence to suggest that the employment

3

agreement was breached.

Plaintiff objects to the fact that the special meeting was conducted via telephone conference call. Missouri law specifically provides that unless otherwise provided for in a corporation's articles of incorporation or bylaws, a Board of Directors may meet "by means of conference telephone or similar communications equipment whereby all persons participating in the meeting can hear each other, and participation in a meeting in this manner shall constitute presence in person at the meeting." Mo. Rev. Stat. §§ 351.335. Plaintiff has failed to present any evidence indicating that the MVP articles of incorporation or bylaws prohibit such a meeting. The fact that MVP had never in the past held a meeting via telephone conference is irrelevant to Plaintiff's breach of contract claim.

Plaintiff's alternative argument is that the July 10, 2002 meeting was a sham and that a meeting held at Defendant Newman-Koehn's home on June 17, 2002 was actually a secret meeting of MVP shareholders at which he was terminated.

Plaintiff is unable to point to any evidence indicating that he was in fact terminated at this meeting. Plaintiff relies heavily on the testimony of Dr. Jerome to bolster this argument. However, Dr. Jerome testified that this meeting was not a shareholder meeting, and that non-shareholder physicians were also present. Deposition of Tawnyia Jerome, p. 35:20-23. Her testimony confirms that the central point of the meeting was to discuss Plaintiff's access of Ms. Bair's office.[1] Deposition of Tawnyia Jerome, p. 65:14-25; 135:17-22; 136:1-2. Most

---

[1] After work hours, on June 6, 2002, Scott entered an office used by Brenda Bair at MVP, and accessed her computer. He discovered multiple documents on her computer demonstrating that she was utilizing company resources for personal gain as well as for purposes unrelated to MVP. D's Stmt. of Facts, ¶27. A meeting was held at Defendant Uhrig's home on June 8, 2002, at which Plaintiff, Dr. Ulbrich and and Defendants Uhrig, and Papreck agreed that Bair's CLE

4

importantly, her testimony is completely void of any mention of a vote being taken by the shareholders or any formal decision being made to terminate Plaintiff, nor of any written notice of Plaintiff's termination.

B. <u>Wrongful Termination in Violation of Public Policy</u>

Plaintiff next alleges his discharge was in bad faith and retaliatory in violation of public policy. He claims that his termination was in retaliation for his complaints about Defendants' compensation formula and his advisement that it violated Health Care Financing Administration federal anti-referral laws (Stark laws). Second Amended Complaint, ¶¶18, 58.

A narrow public policy exception to the employee-at-will doctrine enumerates the general rule that an at-will employee may maintain a wrongful discharge claim if his or her discharge violates a clear mandate of public policy. <u>Faust v. Ryder Commercial Leasing & Services</u>, 954 S.W.2d 383, 389 (Mo. Ct. App. 1997). Four categories of cases under the public policy exception have been recognized by Missouri courts: (1) discharge of an employee due to a refusal to perform an illegal act; (2) discharge based on an employee's act of reporting violations of law or public policy to superiors or public authorities; (3) discharge based on an employee's participation in acts encouraged by public policy, such as jury duty; and (4) discharge because an employee filed a worker's compensation claim. <u>Id.</u> at 390, <u>citing</u> <u>Lynch v. Blanke Baer and Bowey Krimko, Inc.</u>, 901 S.W.2d 147, 150 (Mo. Ct. App. 1995). Plaintiff relies on the second prong, known as the "whistle blowing" exception.

To support this claim, Plaintiff points solely to his own affidavit and deposition

---

activities would not be tolerated. D's Stmnt of Facts, ¶29.

5

testimony. Plaintiff maintains he first objected to the compensation formula in a meeting in January 2002, at which point MVP was not in compliance with the regulations. Deposition of Alan Scott, 14:15-24. Plaintiff's deposition testimony states that he complained to MVP business manager Brenda Bair of MVP violations of the Stark amendments and on February 21, 2002, delivered a memo regarding the same to be distributed at the February 22, 2002 meeting. C. Alan Scott Deposition 16:5. Plaintiff's deposition states that the memo attached an article entitled "Does your compensation formula pass the smell test?" dated February 22, 2002.[2] C. Alan Scott Deposition 15:23 - 16:3. Plaintiff's affidavit states that he contacted Medicare in March 2002 to report the illegal compensation formula but that he was informed that he could not seek an opinion from the Office of Inspector General on a corporate policy. Affidavit of C. Alan Scott, ¶6, Plaintiff's Ex. 1.

Plaintiff alleges he was terminated in retaliation to his whistle blowing activities. However, Plaintiff presents no evidence other than his own self serving deposition testimony and affidavits to substantiate these allegations. Davenport v. Riverview Gardens School Dist., 30 F.3d 940 (8th Cir. 1994)("While evidence supporting this claim would be highly relevant to the issue . . . plaintiff presented no such evidence other than his own unsubstantiated allegations in deposition."). The Eighth Circuit approves the grant of summary judgment if evidence used to rebut a motion for summary judgment is conclusory self serving statements. O'Bryan v. KTIV Television, 64 F.3d 1188, 1191 (8th Cir. 1995).

---

[2]The Court notes that even Plaintiff's reliance on his own self serving deposition testimony fails him. The article he attests was attached to his February 21, 2002 memo was not available online until February 22, 2022. Affidavit of Ms. Mattera, Defense Ex. 17. To the extent this evidences a factual dispute, however, such dispute is immaterial to resolution of the legal issues. Case v. ADT Automotive, 17 F.Supp.2d 1077 (W.D. Mo. 1997).

6

Plaintiff is unable to point to any fact suggesting a genuine issue of material fact as to whether Plaintiff was terminated in violation of public policy. Therefore, summary judgment is appropriate.

Even if, *arguendo*, Plaintiff were able to point to evidence that he voiced objections to MVP's compensation plan as being in violation of the Stark laws, such complaints do not amount to "whistle blowing" under the public policy exception. Public policy encourages employees to report suspected criminal activity by co-employees to the proper authorities in order to expose the wrongdoers, to prevent further wrongdoing, and to aid in the investigation and criminal prosecution of such wrongdoers. Faust, at 390-91. However, reporting of wrongdoing to the wrongdoer does not further the accepted "clear mandate of public policy." Id. at 391. Even assuming Plaintiff had complained to Defendants that he did not approve of their conduct, such complaint does not constitute "whistle blowing." The law construes this action as merely a warning. Faust, at 391. Nor would a reporting of wrongdoing to the wrongdoers' corporate counsel effectuate the clear mandate of public policy. Id.

IV. Conclusion

For the forgoing reasons, it is hereby ordered that Defendants' Motion for Summary Judgment is granted.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE:  November 7, 2005